**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DARLMON DRAINE,

Defendant-Appellant.

No. 04-3354

(D. Kansas)

(D.C. No. 03-CR-40083-SAC)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.[**]

Darlmon Draine pleaded guilty to possession of a firearm after having been

convicted of a crime punishable by term of imprisonment exceeding one year, a

violation of 18 U.S.C. § 924(g). The plea agreement between the government

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

[**]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See FED. R. APP. P. 34(F). The case is therefore submitted without oral argument.

and Mr. Draine contained a provision waiving "any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court." Rec. vol. I, doc. 54, at ¶ 9.  Applying the United States Sentencing Guidelines, the district court sentenced him to a term of ninety-six months' imprisonment.

Mr. Draine now argues that, in light of United States v. Booker, 125 S. Ct. 738 (2005), the district court violated his Sixth Amendment rights by imposing a four-point increase in the offense level under USSG § 2K2.1(b)(5) based upon facts not found by the jury.  Upon review of the applicable law, we conclude that Mr. Draine's Booker argument is foreclosed by the waiver-of-appeal provision of his plea agreement.  Accordingly, we dismiss this appeal.

## I.  BACKGROUND

On June 2, 2004, the government and Mr. Draine entered into a plea agreement that contained the following provision.:

> Waiver of Appeal and Collateral Attack.  Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any

collateral attack, including but not limited to a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)][1] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C.§ 3742(a).

Rec. vol. I, doc. 54, at ¶ 9. Mr. Draine agreed to plead guilty to a § 922(g) violation, and the government agreed to dismiss the remaining three counts alleged in the indictment.

The presentence report recommended a four-point increase in the offense level pursuant to USSG § 2K2.1(b)(5) on the grounds that Mr. Draine had possessed a firearm in connection with another felony offense. Mr. Draine objected. Invoking Blakely v. Washington, 124 S. Ct. 2531 (2004), he argued that he had not admitted that he had possessed a firearm in connection with a felony and that as a result, the Sixth Amendment precluded the district court from

---

[1] In Cockerham, we held that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." 237 F.3d at 1187. However, we added, "[c]ollateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." Id.

making the factual finding necessary to support the corresponding increase in the offense level.

The district court rejected Mr. Draine's argument and adopted the proposed four-point increase under USSG § 2K2.1(b)(5). However, the court granted Mr. Draine a three-point decrease in the offense level based upon his acceptance of responsibility. The court arrived at an offense level of twenty-one, a criminal history score of VI, and a Guideline range of seventy-seven to ninety-six months. It sentenced Mr. Draine to 96 months' incarceration.

The court also announced that it would impose the same sentence if the Supreme Court subsequently found the Guidelines unconstitutional:

> In the event that the federal sentencing guidelines are found unconstitutional and incapable of being constitutionally applied in this sentencing, then the Court will impose the following alternative sentence: Pursuant to 18 U.S.C. § 3553(a) treating the guidelines as advisory only, it is the judgment and order of the Court that the defendant be sentenced to a period of 96 months and other terms and conditions of the original sentence will remain the same.

Rec. vol. IV, at 22.

## II. DISCUSSION

On appeal, Mr. Draine argues that in light of Booker, the district court violated his Sixth Amendment rights by increasing the offense level by relying on

facts that he had not admitted. He further contends that the district court's alternative sentence is unconstitutional. The government responds that Mr. Draine has waived his right to advance these arguments. We agree.

"[W]e generally enforce plea agreements and their concomitant waivers of appellate rights." United States v. Hahn, 359 F.3d 1315, 1318 (10th Cir. 2004) (en banc). In considering how to resolve appeals brought by defendants whose plea agreements contain waiver-of-appeal provisions, we undertake a three-part inquiry.

First, we determine whether the defendant's appeal falls within the scope of the waiver. Id. at 1325. Second, we ascertain whether the waiver was knowing and voluntary. Id. Finally, we consider whether enforcement of the waiver would result in a miscarriage of justice. Id. A miscarriage of justice may result if the district court relied on an impermissible factor at sentencing, the defendant received ineffective assistance of counsel in negotiating the waiver provision, the sentence exceeded the statutory maximum, or the waiver provision was otherwise unlawful. Id. at 1327.

We have recently concluded that a waiver-of-appeal provision in a plea agreement foreclosed a defendant's challenge to his sentence under Booker. In United States v. Green, 405 F.3d 1180, 1188-95 (10th Cir. 2005), the defendant's plea agreement provided that "[d]efendant agrees to waive all appellate rights

-5-

except those relating to issues raised by the [d]efendant and denied by the [d]istrict [c]ourt regarding the application of the Sentencing Guidelines." Id. at 1183.

We first concluded that the defendant's Booker arguments "f[e]ll within the scope of his waiver of appellate rights." Id. at 1189. We reasoned that "[w]hether [the] [d]efendant's sentence violated Booker does not relate to 'issues regarding the application of the Sentencing Guidelines.'" Id. (quoting plea agreement). We agreed with the Eleventh Circuit that "Booker arguments may fall within the scope of a defendant's waiver of his or her appellate rights." Id. at 1189-90 (citing United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005)).

Next, we concluded that the waiver of appellate rights was knowing and voluntary. The defendant had signed, dated, and initialed the waiver of appellate rights. His petition to enter a plea of guilty, which he also signed, stated that he had offered the plea knowingly and voluntarily. Moreover, at the plea hearing the district court had asked the defendant whether he understood the appellate rights waiver, and the defendant had responded affirmatively.

We also noted that Blakely and Booker were decided after the defendant entered the plea agreement. That fact did not undermine our conclusion that the waiver of appellate rights was knowing and voluntary. "The Supreme Court has

made it clear that a defendant's decision to give up some of his rights in connection with making a plea—including the right to appeal from the judgment following that plea—remains voluntary or intelligent and knowing despite subsequent developments in the law." Green, 405 F.3d at 1190.

Additionally, we concluded that the defendant's waiver of appellate rights would not result in a miscarriage of justice. The district court had not relied on impermissible factors, and no allegations of ineffective assistance of counsel in negotiating the waiver of appellate rights provision were presented to the court. Id. at 1191. Moreover, the sentence imposed had not exceeded the statutory maximum, which we defined as "the upper limit of punishment that Congress has legislatively specified for the violation of a given statute." Id. at 1194 (internal quotation marks omitted). Finally, the waiver provision was not otherwise unlawful, for it did not "seriously affect the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting United States v. Olano, 507 U.S. 725, 732 (1993)).

Here, the three-part inquiry regarding appellate waivers indicates that Mr. Draine's waiver should be enforced.

First, the Booker arguments that Mr. Draine seeks to advance here fall within the scope of the waiver: the waiver includes any challenges to Mr. Draine's sentence except those involving upward departures. Although the

waiver provision is rescinded if the government appeals the sentence, the government did not do so here.

Although Mr. Draine argues that, in light of Blakely and Booker, the district court's four-point increase in the offense level under USSG § 2K2.1(b)(5) was "tantamount" to an upward departure, we are not persuaded. Increases in the offense level and departures are "two very different concepts." United States v. Waugh, 207 F.3d 1098, 1101 (8th Cir. 2000).[2] In sentencing Mr. Draine, the district court did not depart upward. Rather, the court applied the Guidelines provisions regarding offense level and criminal history and sentenced Mr. Draine within the applicable Guidelines range. Mr. Draine's Booker claim does not challenge the manner in which the district court applied the Guidelines. Cf. Green, 405 F.3d at 1189 (distinguishing between a Booker claim and a challenge to the application of the Guidelines).

Second, the record establishes that the waiver was knowing and voluntary. The plea agreement is signed by Mr. Draine and his attorney. The agreement

---

[2] To be sure, to the extent that they are based upon facts not found by the jury, both increases in the offense level and upward departures may violate the defendant's Sixth Amendment rights under Booker. See United States v. Dazey, 403 F.3d 1147, 1174 (10th Cir. 2005) (concluding that an increase in the offense level violated the defendant's Sixth Amendment rights); United States v. Cunningham, 405 F.3d 497, 504 (7th Cir. 2005) (noting that an upward departure may violate the Sixth Amendment). However, the fact that Booker applies to both of these kinds of sentencing decisions does not render them the same for purposes of construing the scope of the waiver-of-appeal provision at issue here.

states that Mr. Draine entered into it freely and voluntarily  See Rec. doc. 54, at ¶ 14.  Mr. Draine does not argue otherwise.

Finally, the waiver will not result in a miscarriage of justice.  Mr. Draine was sentenced within the statutory maximum and within the Guideline range.  Cf. Green, 405 F.3d at 1193-94 (noting that the defendant's sentence was less than the statutory maximum and was not otherwise unlawful and that the waiver of appellate rights would not result in a miscarriage of justice).  There is no indication that the district court relied on impermissible factors at sentencing, and Mr. Draine does not allege that he received ineffective assistance of counsel in negotiating the plea agreement that contains the waiver.

## III.  CONCLUSION

Accordingly, we enforce Mr. Draine's waiver of his right to appeal, and DISMISS this appeal.[3]

Entered for the Court,

Robert H. Henry
United States Circuit Judge

---

[3] In light of this disposition, we deny as moot the government's motion to dismiss this appeal on another ground (the district court's imposition of an alternate sentence).